**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**CASE NO: 6:24-CV-01822-CEM-DCI**

KATHY BUCKNELL,

      Plaintiff,

  v.

BECKMAN COULTER, INC.,

      Defendant.

### DEFENDANT BECKMAN COULTER, INC.'S MOTION
### TO DETERMINE ENTITLEMENT TO COSTS AND EXPENSES

Pursuant to 28 U.S.C. § 1920, Rule 54(d) of the Federal Rules of Civil Procedure, and Local Civil Rule 7.01, Defendant Beckman Coulter, Inc. ("Beckman") submits this Motion to Determine Entitlement to Costs and Expenses in connection with this Court's May 26, 2026 entry of judgment against Plaintiff Kathy Bucknell ("Plaintiff"), Dkt. No. 37.

### INTRODUCTION

On May 26, 2026, the Court entered an Order granting Beckman's Motion for Summary Judgment in full and directed entry of judgment in Beckman's favor on all claims. Beckman is therefore the prevailing party and is entitled to recover its taxable costs pursuant to Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920, and Local Rule 7.01.

As set forth in the accompanying Bill of Costs, Beckman seeks $4,754.77 in taxable costs, limited to subpoena service fees, deposition transcript costs, and copying costs.

## MEMORANDUM OF LAW

"[C]osts—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Recoupable costs include: (1) the clerk's and marshal's fee, (2) fees for printed or electronically recorded transcripts obtained for use in the case (3) printing and witness fees, (4) exemplification and copy costs if obtained for use in the case, (5) docket fees, and (6) court-appointed expert and interpreter compensation. 28 U.S.C. § 1920. There is a "strong presumption" that the prevailing party should be awarded costs. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). If Plaintiff seeks to challenge the costs identified by Defendant that are properly taxable, he bears the burden to show the costs are not taxable unless Defendant has the exclusive knowledge of the proposed costs. *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005) ("When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party.").

On May 26, 2026, this Court granted Beckman's Motion for Summary Judgment on all claims and directed the clerk to enter judgment against Plaintiff. As the prevailing party, Beckman is entitled to recover $4,754.77 in costs. The costs

requested are both recoverable and reasonable. The basis for the total amount sought is discussed below and detailed further in the Court's Bill of Costs form and the necessary exhibits, which are attached hereto.

### A. Deposition Transcripts and Copy Costs

Costs related to depositions, including those incurred for the court reporter's fee, the original transcript, and one copy, are properly taxable.  28 U.S.C. § 1920(2); *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000) citing *United States v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir.1963) ("Though 1920(2) does not specifically mention a deposition, … depositions are included by implication in the phrase 'stenographic transcript.'"); *see also Juback v. Radioshack Corp.*, No. 8:08-cv-768-T-24TBM, 2009 WL 1513377, at *1 (M.D. Fla. May 27, 2009) ("Prevailing parties are entitled to reimbursement for all costs incident to a deposition that were reasonably necessary in preparation for litigation, including the costs of the court reporter's attendance, original transcript, and one copy.").  It is reasonable to tax the costs related to depositions that are used in support of the motion for summary judgment. *W&O*, 213 F.3d at 620-21.

As well, Section 1920(4) permits recovery of copying costs for materials "necessarily obtained for use in the case." Beckman is seeking $4.70 in costs incurred for PACER copies of materials necessarily obtained for use in this litigation. These charges are minimal and reflect copies of filings and materials reasonably required in the course of this case.

Beckman also seeks $4,643.03 for costs paid to various court reporters in connection with the depositions taken during the course of this action. *See Declaration of Alex S. Drummond in Support of Defendant's Motion to Determine Entitlement to Costs and Expenses* ("Drummond Decl."), Exh. A. All of the depositions taken in this case were necessary, as they were relied upon in briefing Beckman's Motion for Summary Judgment. These expenses are recoverable pursuant to 28 U.S.C. § 1920(2) and LCR 7.01.

**B. Service of Subpoena Costs**

Beckman is seeking  $1,137.21 for fees paid to process servers for the service of subpoenas during the course of this action. *See Drummond Decl.*, Exh. B. All of the subpoenas issued in this case were necessary, as they were critical to obtaining documents relevant to representations made by Plaintiff throughout discovery. The documents obtained vis-à-vis these subpoenas were relied upon by the parties in depositions and in briefing the Beckman's Motion for Summary Judgment. These expenses are recoverable pursuant to 28 U.S.C. § 1920(2) and LCR 7.01.

<u>**LOCAL RULE 3.01(g) CERTIFICATION**</u>

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that counsel for Defendant conferred in good faith with counsel for Plaintiff on June 9, 2026 regarding the relief sought in this Motion. Despite those efforts, the parties were unable to resolve the issues presented herein.

4

## CONCLUSION

Because Beckman is the prevailing party and the requested costs are reasonable and recoverable under 28 U.S.C. § 1920, the Court should tax costs in the amount of $4,754.77 against Plaintiff.

**WHEREFORE,** Defendant Beckman Coulter, Inc. respectfully requests that the Court grant this Motion and award costs in the amount set forth in the Bill of Costs.

Date: June 9, 2026                              Respectfully submitted,


By: _/s/ Alex S. Drummond_
     Alex S. Drummond
     Florida Bar No. 0038307
     adrummond@seyfarth.com
     Grayson Moronta
     Florida Bar No. 1045728
     gmoronta@seyfarth.com
     SEYFARTH SHAW LLP
     1075 Peachtree Street, N.E., Suite 2500
     Atlanta, Georgia 30309-3958
     Telephone: (404) 881-5467

     *Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**CASE NO: 6:24-CV-01822-CEM-DCI**

KATHY BUCKNELL,

      Plaintiff,

   v.

BECKMAN COULTER, INC.,

      Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, the foregoing *DEFENDANT BECKMAN COULTER, INC.'S MOTION TO DETERMINE ENTITLEMENT TO COSTS AND EXPENSES* was electronically filed using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: _/s/ Alex S. Drummond_____
      Alex S. Drummond

6